**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000794
04-APR-2017
08:19 AM**

NO. CAAP-16-0000794

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE ESTATE OF MOANA P. RAMOS, Deceased-Appellee

APPEAL FROM THE PROBATE COURT OF THE SECOND CIRCUIT
(P. NO. 16-1-0031(3))

ORDER GRANTING FEBRUARY 16, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Petitioner-Appellee Dr. David Wittenberg's (Appellee Wittenberg) February 16, 2017 motion to dismiss appellate court case number CAAP-16-0000794 for lack of appellate jurisdiction, (2) the lack of any memorandum by Interested Party-Appellant Kirk Giordano (Appellant Giordano) in response to Appellee Wittenberg's February 16, 2017 motion, and (3) the record, it appears that we lack appellate jurisdiction over Appellant Giordano's appeal from the two interlocutory orders that the Honorable Joseph E. Cardoza filed on February 23, 2016, and October 17, 2016, in the probate court proceeding in P. No. 16-1-0031(3) because the probate court has not yet entered

a final judgment in this probate court proceeding, as Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and Rule 34 of the Hawai'i Probate Rules (HPR) require.

HRS § 641-1(a) that authorizes appeals from a probate court's final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The Supreme Court of Hawai'i has promulgated rules specifically for probate court proceedings, including HPR Rule 19, which provides that "[a] contested matter is any one in which an objection has been filed."

Appellant Giordano filed an objection to (a) Appellant Wittenberg's petition to appoint a special administrator of the Estate of Moana P. Ramos in P. No. 16-1-0031(3) and (b) the probate court's resulting February 23, 2016 interlocutory order granting Appellant Wittenberg's petition, when Appellant Giordano filed his September 1, 2016 motion for reconsideration of the February 23, 2016 interlocutory order. HPR Rule 20(f) provides that "[a]n order resolving the issues in a contested matter shall be reduced to judgment in accordance with Rule 34 of these rules and may be appealed as provided therein." In addition, HPR Rule 34(a) generally requires the entry of a separate judgment as a prerequisite for perfecting an aggrieved party's right to assert an appeal:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>        (a) <u>Entry of Judgment</u>. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements <u>shall be reduced to judgment</u> and the judgment shall be filed with the clerk of the court. <u>Such judgments shall be final and immediately appealable as provided by statute</u>. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.

> (b) Interlocutory Orders.  In order to appeal from <u>any other order</u> prior to the conclusion of the proceeding, the order <u>must be certified for appeal in accordance with Section 641-1(b)</u> of the Hawai'i Revised Statutes.
> (c) Final Judgment Closing Proceeding.  <u>At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered</u> and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
> (d) Appeals.  Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added).

"Rule 34 is written to conform probate practice to the policy against piecemeal appeals, <u>see</u>, <u>e.g.</u>, <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." <u>Michie's Hawaii Revised Statutes Annotated Court Rules</u>, HPR Rule 34 cmt. (Michie 2017).  Under the holding in <u>Jenkins</u>, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"  <u>Jenkins</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).  Thus, in cases where HPR Rule 34 applies, the Supreme Court of Hawai'i has consistently held that when "final judgment terminating the proceeding has not been entered, and these [appealed] orders were not certified for appeal . . . those orders are not before us."  <u>In re Guardianship of Carlsmith</u>, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006).

On January 3, 2017, the probate court clerk filed the record on appeal for appellate court case number CAAP-16-0000794, which does not contain an appealable final HPR Rule 34 judgment or interlocutory order.  Although exceptions to the final

judgment requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), neither of the subject interlocutory orders satisfies the requirements for appealability under these doctrines or HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable HPR Rule 34 final judgment or interlocutory order, we lack appellate jurisdiction, and Appellant Giordano's appeal is premature.

Therefore, IT IS HEREBY ORDERED that Appellee Wittenberg's February 16, 2017 motion to dismiss appellate court case number CAAP-16-0000794 is granted and appellate court case number CAAP-16-0000794 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **April 4, 2017.**

Presiding Judge

Associate Judge

Associate Judge